966 F.2d 1445
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Victor Tyrone GURLEY, Defendant-Appellant.
 No. 91-5670.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 31, 1992
Decided: June 22, 1992
 
 George V. Laughrun, II, Goodman Carr, Nixon & Laughrun, Charlotte, North Carolina, for Appellant.
 Thomas J. Ashcraft, United States Attorney, Kenneth D. Bell, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.
 Before WIDENER, HALL, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Victor Tyrone Gurley was convicted, after a guilty plea, of one count of conspiracy to possess crack cocaine with intent to distribute. 21 U.S.C.A. § 846 (West Supp. 1991). He reserved one issue for appeal: whether the district court erred in denying his motion to suppress evidence obtained from a search of his coat during an airport stop. Finding no error, we affirm.
 
 
 2
 Gurley was a passenger on a flight from New York to Charlotte, North Carolina. Shortly after Gurley deplaned he was approached by Agent Anthony Ballas of the North Carolina State Bureau of Investigation. Ballas asked to speak to Gurley, and informed Gurley that he was not under arrest or in custody. Gurley consented to speak with Ballas, and later accompanied Ballas to a public restroom, where Gurley consented to be searched. Ballas found a bag containing 180.9 grams of crack cocaine in Gurley's coat pocket. Gurley was arrested and was later convicted of conspiracy to possess crack cocaine with intent to distribute. He contends in this Court that the search was not a valid, consensual search, but rather that he was illegally seized because Ballas did not have a reasonable, articulable suspicion of Gurley so as to justify approaching him and did not tell him that he was free to go or to refuse to be searched.
 
 
 3
 In the airport search context, the Supreme Court has held that seizure of a person occurs only when a police officer has restrained a person's liberty. United States v. Mendenhall, 446 U.S. 544, 552 (1980) (citing Terry v. Ohio, 392 U.S. 1, 19 (1968)). However, if the person questioned by the police remains free to leave, that person's liberty has not been infringed upon. Mendenhall, 446 U.S. at 554. The relevant inquiry here, then, is whether a reasonable person in Gurley's position would have felt that he was free to leave.
 
 
 4
 Ballas informed Gurley at the outset of their conversation that Gurley was not under arrest or in custody. However, he did not tell Gurley that he was "free to leave." Gurley claims that because Ballas did not plainly state that Gurley was free to leave, he cannot be said to have known he could decline to be searched. However, this Court recently held, in a factually similar case, that failure to specifically inform the suspect that he is free to leave is not in itself dispositive. United States v. Wilson, 895 F.2d 168, 172 (4th Cir. 1990). Here, as in Wilson, the police officer who approached the Defendant was dressed in plainclothes and displayed no weapon; the officer did not threaten the Defendant, and the search was conducted in a public restroom. These facts show that Ballas's search of Gurley was a valid, consensual search. See United States v. Mendenhall, 446 U.S. 544 (1980). Because the search was consensual, the Court need not address the reasonableness of the police officers' suspicion of Gurley. Wilson, 895 F.2d at 170.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 AFFIRMED